# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CODY L. EVANS<br>169 West Main Street<br>Glen Lyon, PA., 18617,<br><br>Plaintiff<br><br>vs.<br><br>LAKEWOOD REHABILITATION<br>AND HEALTHCARE CENTER<br>147 Old Newport Street<br>Nanticoke, PA., 18634<br><br>and<br><br>NANTICOKE REHABILITATION<br>AND HEALTHCARE, LLC,<br>individually, and d/b/a LAKEWOOD<br>REHABILITATION AND<br>HEALTHCARE CENTER<br>600 North Second Street<br>Harrisburg, PA., 17101<br><br>and<br><br>NOELLE GLAZENSKI<br>c/o Lakewood Rehabilitation and<br>Healthcare Center<br>147 Old Newport Street<br>Nanticoke, PA., 18634<br><br>and | CIVIL ACTION – LAW<br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| MELISSA SWEETZ<br>c/o Lakewood Rehabilitation and<br>Healthcare Center<br>147 Old Newport St.,<br>Nanticoke, PA., 18634,<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: No.:<br>: |

## COMPLAINT

AND NOW, comes the Plaintiff, Cody L. Evans, by and through his attorneys, Comitz Law Firm, LLC, and hereby complains against the Defendants, Lakewood Rehabilitation and Healthcare Center, Nanticoke Rehabilitation and Healthcare Center, LLC, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center, Noelle Glazenski, and Melissa Sweetz (collectively referred to as "Defendants"), as follows:

## PARTIES

1. Plaintiff, Cody L. Evans ("Cody") is an adult individual who currently resides at 169 West Main Street, Glen Lyon, Luzerne County, Pennsylvania.

2. Defendant, Lakewood Rehabilitation and Healthcare Center ("Lakewood"), is a fictitious entity, licensed to do business in the Commonwealth of Pennsylvania, with a registered address of 147 Old Newport Road, Nanticoke, Luzerne County, Pennsylvania 18634.

3. Defendant, Nanticoke Rehabilitation and Healthcare, LLC, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center

2

("Nanticoke"), is a domestic limited liability company, licensed to do business in the Commonwealth of Pennsylvania, with a Registered Agent of Cogency Global, Inc., 600 North Second Street, Harrisburg, Dauphin County, Pennsylvania, 17101.

4. Defendant, Noelle Glazenski ("Noelle"), is an adult individual who, at all times relevant hereto, was the agent, ostensible agent, servant, worker, and/or employee of Defendants, Lakewood Rehabilitation and Healthcare Center and Nanticoke Rehabilitation and Healthcare, LLC, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center.

5. Defendant, Melissa Sweetz ("Melissa"), is an adult individual who, at all times relevant hereto, was the agent, ostensible agent, servant, worker, and/or employee of Defendants, Lakewood Rehabilitation and Healthcare Center and Nanticoke Rehabilitation and Healthcare, LLC, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center.

6. At all times relevant hereto, Noelle acted within the scope and course of her employment and/or agency with the Lakewood and Nanticoke Defendants, and in furtherance of the business purposes of the Lakewood and Nanticoke Defendants, thereby making the Lakewood and Nanticoke Defendants vicariously liable for her unlawful conduct.

7. At all times relevant hereto, Melissa acted within the scope and course of her employment and/or agency with the Lakewood and Nanticoke Defendants,

and in furtherance of the business purposes of the Lakewood and Nanticoke Defendants, thereby making the Lakewood and Nanticoke Defendants vicariously liable for her unlawful conduct.

## JURISDICTION

8. This action is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Cody also asserts claims under the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. U.S.C. §§ 951, et seq., for which there is supplemental jurisdiction.

9. The unlawful employment conditions and practices described in this Complaint have been committed in the Middle District of Pennsylvania, and the employment records relevant to those conditions and practices are, on the information and belief of Cody, maintained and administered at the offices of the Defendants in the Middle District of Pennsylvania and the Defendants do business in this District.

10. The Lakewood and Nanticoke Defendants employ at least 15 employees at all times material hereto and are considered an "employer" as defined by Title VII and PHRA.

11. All conditions precedent to jurisdiction under Title VII have occurred or have been complied with as follows:

    a. A charge of employment discrimination was filed with the Pennsylvania Human Relations Commission ("PHRC") and the

4

        Equal Employment Opportunity Commission ("EEOC") within 180 days of the discrimination;

b.    A notice of right to sue was issued by the EEOC, and this Complaint has been filed within 90 days of the receipt of EEOC's notification of right to sue; and

c.    All the discriminatory employment practices and conduct alleged herein were committed within the Commonwealth of Pennsylvania;

## FACTS COMMON TO ALL COUNTS

12. Cody commenced employment with Lakewood in or around July of 2023 as the Director of Human Resources.

13. At the time of the acts of harm as alleged more fully herein, Cody held the Director of Human Resources position.

14. From July of 2023 through January 12, 2024, Cody suffered egregious, severe, and pervasive sexual harassment by two (2) female employees of Lakewood, namely, Noelle Glazenski ("Noelle"), who was the Director of Nursing, and Melissa Sweetz ("Melissa"), who was the Administrator.

15. Both Noelle and Melissa served in a management capacity with Lakewood and stood in a position of superiority to Cody.

16. Noelle and Melissa became very friendly with Cody early on, after he accepted the position, and shortly thereafter, felt comfortable enough to start testing the limits of their personal relationships.

17. In fact, shortly after Cody was hired by Lakewood, Noelle and Melissa, individually and together, began communicating with Cody inappropriately during work hours, both in private (oftentimes via text messages) and publicly in front of other employees.

18. Noelle and Melissa began making comments to Cody with sexual undertones on a daily basis.

19. In a meeting with other employees present, Noelle told Cody to "take off his pants and dangle his c*ck on her face."

20. This statement was witnessed by Melissa, who laughed and encouraged Noelle.

21. Other employees were also present, who were shocked and tried to change the subject.

22. Cody was humiliated.

23. Sometimes, even multiple times during the day, one or both of Noella and Melissa would come into Cody's office and shut the door and tell him to "take his pants off."

24. Noelle would tell Cody that she "had been bad" and "needed to be punished."

25. Noelle would also tell Cody that she "liked it rough" and wanted to be slapped during sex.

26. Both Noelle and Melissa would speak openly about their sexual preferences and experiences despite Cody expressing discomfort with the topic.

27. Noelle would ask Cody if he liked her brightly colored nail polish, telling him that her husband liked them because he could see her hands in the dark when she touched him while performing oral sex.

28. Noelle also once told Cody to grab her by the hair and to push her face into his crotch.

29. Noelle and Melissa would also walk behind Cody in the hallway and make comments about his backside and how they were "trying to see his ass."

30. On one occasion, when Cody wore sweatpants to the office on a weekend, Noelle told Cody he could not wear sweatpants around her because she was so sexually aroused that she was "sticking to her chair," and commented that she could see the outline of Cody's genitals.

31. Noelle would joke with Cody that she was an "HR nightmare," and Melissa would agree and encourage her behavior.

32. Noelle and Melissa would tell Cody that they had trouble concentrating while staring at his crotch, and would comment on his appearance regularly, i.e. "your ass looks good in those pants."

33. Cody was told that he was "attractive when reprimanding" employees in his role as Director of HR and that they "wanted to watch."

34. Noelle circulated a photo depicting a black man with his genitals exposed via a text chain with Cody and Melissa, at which point she then made comments about Cody's genitals.

35. Staff at Lakewood started disparaging rumors about Melissa and Cody because Melissa would go into Cody's office so frequently.

36. In point of fact, Melissa told Cody that she thought this was "great," and her and Noelle jokingly argued.

37. Noelle further stated that she wished the rumors were going around about her and Cody instead.

38. At the 2023 Lakewood Holiday Party, Noelle slapped Cody's backside while laughing and smiling.

39. This occurred while Cody's fiancée was present, and Noelle and Melissa told Cody's fiancée she was "lucky to be marrying someone with such a big c*ck."

40. Naturally, this took a devastating toll on Cody's professional, personal, and spiritual life.

41. Cody is currently in treatment with a counselor for feelings of embarrassment, humiliation, low self-worth, and emotional trauma.

42. These behaviors were well-known throughout Lakewood, and Cody felt as though no one respected him as Director of HR.

43. Cody was never provided contact information regarding a regional Director of HR that he could turn to.

44. Furthermore, both Noelle and Melissa regularly boasted that they were quite friendly with Andrew Wolak, Chief Operating Officer (COO) of Century Healthcare Consulting and utilized their relationship with Mr. Wolak to deter Cody from reporting these behaviors.

45. Cody documented these interactions but was terminated before he could inform anyone that he felt was trustworthy to report them to.

46. Moreover, Cody was in a terrible dilemma on who or when to report such unconscionable behavior, and, psychologically, he felt trapped.

47. During the last three (3) months of his employment at Lakewood, not a day went by that these harassing comments were not made.

48. Cody came to feel like "a sex object," and shared this with his fiancée for fears that it might impact their relationship.

49. Cody made every effort to ignore the behavior, or to engage minimally in response.

50. Cody began shutting his office door and locking it to keep Noelle and Melissa from entering, only to be questioned about his actions.

51. Cody needed his job as a father of three (3) young children, and kept quiet, suffering in silence.

52. Cody's resistance to engaging with Noelle and Melissa led to his termination.

53. On January 12, 2024, Cody was terminated by the Defendants.

54. In a position of management for Lakewood, Noelle and Melissa were in special positions of trust and confidence and able to wield their respective influence over subordinate employees like Cody.

55. It is believed and therefore averred that the Defendants were aware of Noelle's and Melissa's conduct, or should have been aware of this conduct, thus making Defendants equally culpable in the actions and/or inactions of their employees who happened to be management.

56. Due to Noelle, Melissa, and the Defendants' conduct, Cody suffered mental and emotional distress.

57. Cody has sought therapy and medical treatment as a result of the severe emotional distress caused by the Defendants' behavior, and Cody continues to suffer from anxiety and depression due to the harassment he endured by the Defendants.

58. Defendants did not have adequate policies in place to combat sex discrimination and sexual harassment.

59. Defendants further retaliated against Cody for asserting his rights under the law by terminating him.

60. Prior to his termination, Cody never received any warnings or indications that his work was being done unsatisfactorily.

61. Since his termination, Cody has never received a termination letter outlining the reasons for his termination.

62. The impact of the Defendants' conduct extends beyond the workplace, as Cody's professional reputation has been irreparably harmed due to the stigma associated with his termination and the rumors spread by Noelle and Melissa.

63. As a direct result of the Defendants' conduct, Cody has suffered financial, emotional, and reputational damages, and he seeks compensatory and punitive damages against the Defendants.

64. Both Noelle and Melissa were managerial employees whose conduct was ratified by the Lakewood and Nanticoke Defendants through their failure to supervise, discipline, or take any corrective action.

65. The Lakewood and Nanticoke Defendants allowed, encouraged, or acquiesced to the conduct of Noelle and Melissa, thereby giving them apparent authority and holding the Lakewood and Nanticoke Defendants accountable for all harm and damages caused to Cody as a result of this unlawful conduct.

### COUNT I - VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT
### CODY L. EVANS VS. ALL DEFENDANTS

66. Cody incorporates by reference the allegations contained in paragraphs 1 through 65, above, as though fully set forth herein at length.

67. Defendants subjected Cody to a hostile work environment based on his gender though the continuous and pervasive sexual harassment by the Defendants.

68. The Defendants' actions creased an abusive working environment that interfered with Cody's ability to perform his job, causing severe emotional and psychological harm.

69. The harassment was unwelcome, offensive, and abusive.

70. Based on the aforementioned, it is clear that the Defendants discriminated against Cody based on his gender and created a hostile work environment in violation of Title VII.

WHEREFORE, Plaintiff, Cody Evans, demands judgment in his favor and against Defendants, Lakewood Rehabilitation and Healthcare Center, Nanticoke Rehabilitation and Healthcare Center, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center, Noelle Glazenski, and Melissa Sweetz, for damages including, but not limited to, back pay, front pay, loss of seniority, lost employment benefits, compensatory damages, nominal damages, emotional distress, embarrassment, humiliation, attorney fees, punitive damages, costs, expenses, pre- and post-judgment interest, delay damages, and any other relief this Court deems fair and appropriate.

## COUNT II – VIOLATION OF TITLE VII - RETALIATION
## CODY L. EVANS VS. ALL DEFENDANTS

71. Cody incorporates by reference the allegations contained in paragraphs 1 through 69, above, as though fully set forth herein at length.

72. Based on the aforementioned, it is clear that the Defendants retaliated against Cody by terminating his employment after he asserted his rights under the law in violation of Title VII.

WHEREFORE, Plaintiff, Cody Evans, demands judgment in his favor and against Defendants, Lakewood Rehabilitation and Healthcare Center, Nanticoke Rehabilitation and Healthcare Center, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center, Noelle Glazenski, and Melissa Sweetz, for damages including, but not limited to, back pay, front pay, loss of seniority, lost employment benefits, compensatory damages, nominal damages, emotional distress, embarrassment, humiliation, attorney fees, punitive damages, costs, expenses, pre- and post-judgment interest, delay damages, and any other relief this Court deems fair and appropriate.

## COUNT III – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – SEX DISCRIMINATION
## CODY L. EVANS VS. ALL DEFENDANTS

73. Cody incorporates by reference the allegations contained in paragraphs 1 through 72, above, as though set fully herein at length.

74. The actions of the Defendants as previously set forth above, constitute sex discrimination under the Pennsylvania Human Relations Act ("PHRA"). These acts were done in violation of 43 P.S. § 955 *et seq.* entitling Cody to compensatory damages and any other damages as this Court deems necessary and just.

WHEREFORE, Plaintiff, Cody Evans, demands judgment in his favor and against Defendants, Lakewood Rehabilitation and Healthcare Center, Nanticoke Rehabilitation and Healthcare Center, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center, Noelle Glazenski, and Melissa Sweetz, for damages including, but not limited to, back pay, front pay, loss of seniority, lost employment benefits, compensatory damages, nominal damages, emotional distress, embarrassment, humiliation, attorney fees, punitive damages, costs, expenses, pre- and post-judgment interest, delay damages, and any other relief this Court deems fair and appropriate.

**COUNT IV – NEGLIGENCE**
**CODY L. EVANS VS. LAKEWOOD REHABILITATION AND HEALTHCARE CENTER AND NANTICOKE REHABILITATION AND HEALTHCARE CENTER, INDIVIDUALLY, AND D/B/A LAKEWOOD REHABILITATION AND HEALTHCARE CENTER**

75. Cody incorporates by reference the allegations contained in paragraphs 1 through 74, above, as though set fully herein at length.

76. The Lakewood and Nanticoke Defendants owed a duty of care to Cody as his employer to provide a safe working environment, properly supervise employees, and enforce policies prohibiting sexual harassment and discrimination.

77. The Lakewood and Nanticoke Defendants breached this duty by negligently hiring, training, retaining, and supervising employees, including Defendants, Noelle Glazenski and Melissa Sweetz, who engaged in severe and pervasive sexual harassment and created a hostile work environment for Cody.

78. The Lakewood and Nanticoke Defendants further breached their duty by failing to implement and enforce adequate anti-harassment and anti-discrimination policies, and by failing to take any corrective action after being made aware, or when they should have been made aware, of the unlawful conduct occurring in the workplace.

79. As a direct and proximate result of the negligence of the Lakewood and Nanticoke Defendants, Cody suffered and continues to suffer economic damages, emotional distress, reputational harm, and other compensable injuries.

80. The conduct of the Lakewood and Nanticoke Defendants was so reckless and wanton that it warrants the imposition of punitive damages to deter similar conduct in the future.

WHEREFORE, Plaintiff, Cody Evans, demands judgment in his favor and against Defendants, Lakewood Rehabilitation and Healthcare Center, Nanticoke

Rehabilitation and Healthcare Center, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center, for damages including, but not limited to, back pay, front pay, loss of seniority, lost employment benefits, compensatory damages, nominal damages, emotional distress, embarrassment, humiliation, attorney fees, punitive damages, costs, expenses, pre-and post-judgment interest, delay damages, and any other relief this Court deems fair and appropriate.

### COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CODY L. EVANS VS. ALL DEFENDANTS

81. Cody incorporates by reference the allegations contained in paragraphs 1 through 80, above, as though set fully herein at length.

82. Defendants engaged in extreme and outrageous conduct that was intended to cause, or was reckless in its disregard of the substantial likelihood of causing, Cody severe emotional distress.

83. The Lakewood and Nanticoke Defendants failed to intervene, discipline, or otherwise address the conduct of their employees, Defendants, Noelle Glazenski and Melissa Sweetz, thereby condoning and ratifying their unlawful conduct. This gross indifference to Cody's rights further exacerbated his emotional trauma.

84. As a direct and proximate result of the Defendants' actions, Cody suffered and continues to suffer from severe emotional distress, including anxiety and depression.

WHEREFORE, Plaintiff, Cody Evans, demands judgment in his favor and against Defendants, Lakewood Rehabilitation and Healthcare Center, Nanticoke Rehabilitation and Healthcare Center, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center, Noelle Glazenski, and Melissa Sweetz, for damages in excess of $75,000.00, including an award for punitive damages, and any other relief this Court deems fair and appropriate.

### COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### CODY L. EVANS VS. ALL DEFENDANTS

85. Cody incorporates by reference the allegations contained in paragraphs 1 through 84, above, as though set fully herein at length.

86. Defendants owed a duty of care to Cody to refrain from conduct that would foreseeably cause emotional distress.

87. Defendants breached this duty by engaging in and/or failing to prevent the severe and pervasive sexual harassment, inappropriate conduct, and hostile work environment to which Cody was subjected.

88. Defendants had a heightened duty to ensure a safe working environment free from harassment and retaliation, but negligently failed to enforce policies or take any reasonable action to protect Cody.

89. As a direct and proximate result of the Defendants' negligent actions and omissions, Cody suffered and continues to suffer severe emotional distress, including anxiety and depression.

17

WHEREFORE, Plaintiff, Cody Evans, demands judgment in his favor and against Defendants, Lakewood Rehabilitation and Healthcare Center, Nanticoke Rehabilitation and Healthcare Center, individually, and d/b/a Lakewood Rehabilitation and Healthcare Center, Noelle Glazenski, and Melissa Sweetz, for damages in excess of $75,000.00, including an award for punitive damages, and any other relief this Court deems fair and appropriate.

DATED: October 15, 2024             BY: */s/ Jonathan S. Comitz*
                                                             JONATHAN S. COMITZ, ESQ.
                                                             I.D. NO.: 90914
                                                             46 Public Square, Suite 101
                                                             Wilkes-Barre, PA 18701
                                                             (570) 829-1111
                                                             jcomitz@comitzlaw.com

                                                             */s/ Jeremy R. Weinstock*
                                                             JEREMY R. WEINSTOCK, ESQ.
                                                             I.D. NO.: 319120
                                                             46 Public Square, Suite 101
                                                             Wilkes-Barre, PA 18701
                                                             (570) 829-1111
                                                             jweinstock@comitzlaw.com

                                                             Attorneys for Plaintiff,
                                                             Cody Evans

## VERIFICATION

I, _Cody Evans_, hereby aver and state that I have read the foregoing document which has been drafted by my counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief although the language is that of my counsel, and, to the extent that the content of the foregoing document is that of my counsel, I have relied upon my counsel in making this Verification.

This statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false statements, I may be subject to criminal penalties.

_____
Signature